# Vanarsdall *vs* Fauntleroy's Heirs.

## ERROR TO THE GARRARD CIRCUIT.

### Husband and wife. Tenancy by courtesy.

EJECTMENT.

*Case* 106.

JUDGE SIMPSON delivered the opinion of the Court.

*July* 14.

The answers.

AN action of ejectment having been brought against the plaintiff in error, by the children and heirs at law of Margaret Fauntleroy, deceased, in the lifetime of their father, John Fauntleroy, for land sold by him during coverture, and which the tenant in possession held and claimed under a deed made by him and his wife, Margaret, but which, on account of a defect in the authentication, did not pass her title, it becomes material to determine, whether the husband's interest in the land continued during his life, as tenant by the curtesy, or ceased and terminated on the death of the wife.

The only evidence in the record material to the determination of this question is, that Fauntleroy and wife were married before the year 1803, that, in that year they made the deed of conveyance above mentioned, to the land in controversy; that the lessors of the plaintiff are their children; that Mrs. Fauntlery died in the year 1841; that Fauntleroy was never in the actual possession of the land so far as the witnesses knew, and that the land, when sold, was in the woods and unenclosed, but had been under fence and a part of it in cultivation for ten years last past, or upwards.

VANARSDALL
*vs*
FAUNTLEROY'S
HEIRS.

Actual possession by the husband, of the lands of the wife at the time of or during the coverture, is in general necessary to constitute the husband a tenant by the curtesy after her death.

An actual possession of the land of the wife, at the time of, or during coverture, is in general, necessary, to constitute the husband tenant by the curtesy after her death. Whether, where her lands are wild and uncultivated, and not adversely occupied, and remain in that condition during the whole period of coverture, the general rule requiring actual seizen would not apply, as was decided by the Supreme Court, (1 *Peters*, 507,) and in the State of New York, (8 *Johnson's Rep.* 271,) we do not deem it necessary now to determine.

If an entry is made upon the lands of the wife by the husband, or by another by his authority, or a vendee immediate or remote, his right as tenant by the curtesy is thereby consummated.

If the husband were to lease the lands of the wife, and possession was taken by the tenant, it would be virtually the possession of the husband, and sufficient, so far as seizen was necessary, to enable him to hold as tenant by the curtesy. If an entry be made upon the lands of the wife, either by the husband himself, or by any other person under him, and by his authority, the same effect is produced, and his right to hold as tenant by the curtesy, is consummated. Where a sale is made by the husband, and his immediate or remote vendee takes possession of the land under the purchase, it is done by the authority of the husband, it perfects his title as tenant by the curtesy, and the vendee has a right to the land during the lifetime

The possession of vendee of tenant by the curtesy, immediate or remote, is not adverse but consistent with the title of the wife or her heirs.

of the husband. The possession of the vendee under such circumstances, is not adverse to, but consistent with the title of the wife. It would, so far as adverse titles were concerned, enure to her benefit, after the death of her husband, and strengthen her title fully as much as if the possession had been held by the husband himself. One of the reasons that exists at common law for requiring actual seizen of the lands by the husband during coverture, is to enable the heir to take the estate after the death of the wife, by descent from her; to do which, as he must derive his title from the person last actually seized of the inheritance, he is compelled to show an actual seizen on the part of the wife, which the law makes it the duty of the husband to acquire; the possession of the husband being regarded as the possession of the wife. This reason, however, does not exist in this country under our law of descents. The chief reason why the husband is here required to take the lands of the wife into

<div style="float:right">
</div>

actual possession, is to strengthen her title to, and protect them from adversary claims, and from a hostile possession which might, by its continuance, endanger her right; all of which is as fully accomplished by the possession taken of them by the husband's vendee, as it would be by a possession taken and held by the husband himself.

It follows, therefore, that according to the facts proved, John Fauntleroy was tenant by the curtesy, of the land sued for, and that when this action of ejectment was brought, the lessors of the plaintiffs had no right to the possession of it. The verdict of the jury in favor of the plaintiffs, was consequently unauthorized, and the defendant's motion for a new trial ought to have been sustained.

The instructions asked for by the defendant, based upon a supposed adverse holding, were properly overruled. The attitude of the parties precluded the defendant from relying upon a defence of that kind.

But for the failure to sustain the defendant's motion for a new trial, the judgment must be reversed, and cause remanded with directions to award a new trial, and for further proceedings consistent with this opinion.

*Harlan & Craddock* for plaintiff; *Bradley* for defendants.