J. W. BOWMAN, Etc. *v.* JNO. H. VOWELLS et al.

**Descent and Distribution — Unacknowledged Deed — Dower and Curtesy.**

An unacknowledged deed executed by husband and wife is ineffectual to pass title where signed by a *feme covert*, though the title of the husband, as tenant by curtesy of the deceased wife, would pass to the purchaser under the deed.

APPEALED FROM MARION CIRCUIT COURT.

January 17, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

This action was heard on the petition, answers, and exhibits, and both parties are dissatisfied with the judgment.

It is alleged in the petition that Hezekiah Ray died in Marion county, intestate, the owner of about 160 acres of land on the Rolling Fork, in said county, leaving eight children, his heirs-at-law, all of whom except Porter Ray and Susan T., who had intermarried with Henry Mattingly, joined in a conveyance of said land to appellee Bowman, that the widow of said Hezekiah Ray also joined in said conveyance. That Porter Ray at the date of the conveyance was under twenty-one years of age, and although it is not directly alleged, it may be inferred that Susan T. Mattingly was also an infant. Porter Ray died in infancy, intestate, unmarried and childless, so that his interest in the land descended to his brothers and sisters. After the birth of Mrs. Vowells, her mother, Susan T. Mattingly, died, leaving her her only child and heir-at-law, and the court below adjudged to appellants the one-seventh of Porter Ray's eighth in the land, and the same interest in the rents and profits from and including the year 1853, and fixed the amount and adjudged that Henry Mattingly, as the husband of the late Susan T. Mattingly, was entitled as tenant by the curtesy to a life estate in her share of the land, which life estate passed by his deed to Bowman, and, therefore, dismissed the petition as to that interest, without prejudice.

Appellants in their petition call upon appellee to file the conveyance from Ray's heirs to himself, which he filed with his

answer, and alleged that Mattingly and wife executed the same, denied that at the date thereof Mrs. Mattingly was an infant, and insist that all the interest that she and her husband had in said land passed to him by said conveyance.

To this deed the names of Susan T. Mattingly and Henry Mattingly are signed, but there is no certificate of acknowledgment attached thereto, and for the want of an acknowledgment before a proper officer, as required by law, it is ineffectual to pass the estate of Mrs. Mattingly, then a *feme covert,* to Bowman. But we concur in the court below in opinion that Henry Mattingly was, as tenant by the curtesy, entitled to a life estate in the one-eighth of the land which descended to his wife upon the death of her father, and his life estate passed by said deed to Bowman. Vanarsdall *v.* Fauntleroy's Heirs, 7 B. Mon. 401.

Consequently the judgment dismissing the petition as to that portion of the claim, without prejudice, is approved. Nor do we see any error in the judgment prejudicial to cross-appellants. If H. Ray had mortgaged the land in his lifetime, and Bowman actually had paid the debt for which it was mortgaged, he should have produced and filed the mortgage, and made proof of the payment of the debt by him. But the mortgage is not in the record, nor is there any proof of payment by him.

Wherefore, the judgment is affirmed, both on the original and cross-appeals.


*Hill & Knott,* for appellants.


*Rountree & Fogle,* for appellees.